UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY D. SLUDER,<br><br>    Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 13-cv-1472-W<br>         05-cr-1570-W<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT-PETITIONER'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 [DOC. 581]; AND**<br><br>**(2) DENYING AS MOOT DEFENDANT-PETITIONER'S MOTION FOR DISCOVERY [DOC. 590]** |

    Pending before the Court is Petitioner Ricky D. Sluder's motion for habeas corpus relief under 28 U.S.C. § 2255. Petitioner is proceeding *pro se*. Respondent United States of America ("Government") opposes. The Court has reviewed the moving papers and the relevant records on the docket. For the following reasons, the Court **DENIES** Petitioner's motion as untimely.

//

## I. BACKGROUND

On September 8, 2005, a grand jury returned a five-count indictment charging Petitioner with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and four counts of wire fraud in violation of 18 U.S.C. § 1343. The charges arose from Petitioner's participation in a nationwide Ponzi scheme under the names of Qwest International, Wealth Builders Club, and Learn Waterhouse, Inc. See United States v. Treadwell, 593 F.3d 990, 993 (9th Cir. 2010). On June 17, 2009, a jury found Petitioner guilty of all counts. Thereafter, the Court sentenced Petitioner to 188 months in custody followed by three years supervised release and a mandatory restitution in the amount of $44,872,152.38.

On January 28, 2010, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. The United States Supreme Court denied Petitioner's petition for writ of certiorari on October 4, 2010.

Petitioner now moves for habeas corpus relief under 28 U.S.C. § 2255 on three grounds: (1) the Court violated his Sixth Amendment rights by judicially determining the extent of the loss; (2) the Government made false representations to the grand jury concerning the investor funds converted to the defendants' personal use; and (3) that 18 U.S.C. § 371 could not apply to him because the Government did not name any governmental agency or department that was defrauded. The Government opposes the motion.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for motions brought under 28 U.S.C. § 2255. The one-year limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner does not present any evidence or argument suggesting there was any action taken by the Government that created an impediment to his filing the motion. Moreover, he also fails to show that he could not have discovered the factual basis for his claims despite due diligence. However, Petitioner's only argument to avoid the one-year statute of limitations comes under § 2255(f)(3), where he argues that because Southern Union, Co. v. United States, 132 S. Ct. 2344 (2012), "held that the Sixth Amendment gives defendant[s] the right to have a jury determine beyond a reasonable doubt, facts that would increase the maximum criminal fine," he is not time barred. (Pet'r's Mot. 3.)

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that the Sixth Amendment requires a jury to determine any fact, other than a prior conviction, that increases a criminal defendant's potential maximum sentence. Southern Union held that this principle "applies to sentences of criminal fines." Southern Union, 132 S. Ct. at 1248-49. However, it did not recognize a new right as § 2255(f) requires. See Anderson v. United States, No. 12 Civ. 7638, 2013 WL 652425, at *2 (S.D.N.Y. Feb. 22, 2013). Rather, Southern Union merely extended a principle already articulated in Apprendi, which predates Petitioner's conviction. See id.

Furthermore, even if Southern Union applied to these circumstances, "restitution . . . is not a form of punishment dependent upon factfinding by the jury." Anderson, 2013 WL 652425, at *2. And Apprendi does not apply to determinations of restitution where no statutory maximum exists. Southern Union, 132 S. Ct. at 2353 ("Nor, *a fortiori*, could there be an Apprendi violation where no maximum is prescribed.").

1  Thus, insofar as challenging the restitution ordered, Southern Union is not even
2  applicable. It also does not apply to Petitioner's 188 months imprisonment because this
3  sentence is below the Court's calculated guideline range of 324 to 405 months
4  imprisonment.

5  In sum, the statute of limitations did not begin to run when the Supreme Court
6  issued Southern Union, but rather on the date when the judgment of conviction
7  became final. See 28 U.S.C. § 2255(f). Finality occurs when the Supreme Court
8  "affirms a conviction on the merits on direct review or denies a petition for a writ of
9  certiorari, or when the time for filing a certiorari petition expires." United States v.
10 Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (quoting Clay v. United States,
11 537 U.S. 522, 527 (2003)). Consequently, the October 4, 2010 date when the Supreme
12 Court denied the petition for a writ of certiorari is the date when judgment became
13 final. See id. Therefore, Petitioner filed his motion over two years after the statute of
14 limitations had expired, and his motion is thus untimely. See 28 U.S.C. § 2255(f).

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Petitioner's motion for habeas corpus relief under 28 U.S.C. § 2255. (Doc. 34.) Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** Petitioner a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Furthermore, given that Petitioner cannot pursue his § 2255 motion any further, the Court **DENIES AS MOOT** his motion for discovery. (Doc. 590.)

**IT IS SO ORDERED.**

DATE: January 29, 2014

_____
HON. THOMAS J. WHELAN
United States District Court
Southern District of California